DRY CREEK AND COVINGTON TPK. R. CO. *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—623.]

**Surrender of Franchise Rights in a Street.**

Where a turnpike corporation, pursuant to legislative enactment, surrenders to a town or city that part of its turnpike within such town or city, the repeal of such enactment will not give the turnpike company the right to again assume its control and ownership, or require it to do so, where such town or city, pursuant to such surrender, has taken control and possession and improved and repaired such highway.

APPEAL FROM KENTON CRIMINAL COURT.

February 25, 1882.

OPINION BY JUDGE PRYOR:

The appellant turnpike company, as we understand from the record, began at the western boundary of the city of Covington and ran through the towns of West Covington and Ludlow. They are both incorporated towns, with the usual powers conferred in regard to streets and other public improvements. In February, 1872 (1 Acts 1871-72, Ch. 201), the legislature authorized the turnpike company to surrender or give up to West Covington and Ludlow so much of their turnpike road as lies within the corporate limits of said towns, but required it to remove its toll gate and to continue to keep certain bridges in repair. This amendment to the charter was accepted by the company in March, 1872, and by an order on the books of the company formally surrendered that part of its turnpike to the towns and removed its toll gate and disposed of its toll house. The city of Ludlow accepted the road by a resolution of its city council entered upon its records, and that of West Covington undertook to repair the streets, obtained private subscriptions for that purpose, and also made appropriations from the town treasury. They were advised that under the legislative enactments it was their duty to keep the road or streets in repair, and so far as the appellant was concerned it was a complete surrender by it of any and all control over these streets.

In April, 1878, more than six years after all this took place (II Acts 1878, Ch. 752), the legislature repealed the act, or rather the amendment by which the turnpike company had surrendered a part of its road to the towns of Ludlow and West Covington. That West Covington assumed possession of that part of the turnpike within its limits is established, and the right to make the surrender of its property was conferred on the company by the act of February 6, 1872. The right to amend the charter of the turnpike company is unquestioned, but in determining this right we must first ascertain the nature of the franchise and what it was the legislature had undertaken to repeal.

The property of the corporation or the franchise embraced so

much of the former turnpike road as had not been surrendered or transferred to others. The company had no more control or right in that part of the road surrendered than it had in the streets of Covington, as the exercise of the power granted by the legislature had divested it of all interest in it. Suppose the company had been empowered to sell and convey by deed a part of its road bed; if it was the fee simple owner, will it be argued that under this right to amend its charter the legislature, in behalf of its vendee and without the consent of the company, could cancel the contract or conveyance and require the company to take back its property? This was the effect of the repealing act of 1878; the legislature (if the appeal had the effect contended for) has required the company to take and hold property it did not own or have any right to control, against its consent. In other words, it has added to the charter, not other rights and privileges, or restricted those already granted, but has enlarged its ownership by lengthening its road so as to make it include the streets of West Covington and Ludlow, and if this can be done, why not extend the line of road a still greater distance? Suppose the legislature had repealed the grant. Could a subsequent legislature, without the consent of the parties, revive the grant and require them to assume the possession? The bare statement of the question is its answer. This is not an attempt to disregard the act or the amendment on the ground of fraud, but a plain question as to the right of the legislature, after permitting a corporation to surrender or dispose of its property, to require it to take it back without its consent.

The judgment below is *reversed* and cause remanded with directions to set aside the judgment and grant a new trial.

*Benton & Benton, for appellant.*

*P. W. Hardin, for appellee.*